UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUAN D. STAFFNEY,

    Plaintiff,

                                       Case No. 2:17-cv-10690

v.                                         Hon. Sean F. Cox

BELLAMY CREEK CORRECTIONAL
FACILITY,

    Defendant.
_____/

**ORDER TRANSFERRING CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Marquan D. Staffney, a Michigan Prisoner currently residing at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint asserts that various employees of the Michigan Department of Corrections, employed at the Bellamy Creek Facility, violated his Eighth and Fourteenth Amendment rights when he was punished for prison rule violations that he did not commit. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The Defendants reside in Ionia County, Michigan, where the Bellamy Creek Correctional Facility is located. The events described in the complaint also are alleged to have occurred in Ionia County. The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where the action might have been brought." See *Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. See *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan where the defendants are located and the events in the complaint are alleged to have occurred. This Court lacks venue for the § 1983 claims against defendants. See *Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

It is noted that this Court has not decided whether Plaintiff may proceed in this action in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**

Dated: March 23, 2017    s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 23, 2017, the foregoing document was served on counsel of record

2

via electronic means and upon Marquan D. Staffney via First Class mail at the address below:

Marquan D. Staffney
862514
BARAGA MAXIMUM CORRECTIONAL FACILITY
13924 WADAGA ROAD
BARAGA, MI 49908

                                                                                     s/J. McCoy
                                                                                     Case Manager